E-FILED
Tuesday, 24 January, 2023  05:28:14 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

REGINALD BROWN,

       Plaintiff,

  v.

WEXFORD HEALTH SOURCES, INC., DR.
ABDUR NAWOOR, ROB JEFFREYS,
Director, Illinois Department of Corrections,
DR. STEVEN BOWMAN, Medical Director,
Illinois Department of Corrections,

      Defendants.

No. 23-cv-3018

*Jury Trial Demanded.*

## COMPLAINT AT LAW

NOW COMES Plaintiff REGINALD BROWN, by his attorney, Law Office of Jordan Marsh, LLC, and complaining of the Defendants, WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, ROB JEFFREYS, Director, Illinois Department of Corrections, and DR. STEVEN BOWMAN, Medical Director, Illinois Department of Corrections, and states the following:

## JURSDICTION AND VENUE

1.  This action arises under the Constitution of the United States, particularly the Eighth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2.   The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.  Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3.   This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the federal claims.  Venue is proper in the United States District Court for the Central District of Illinois under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

4.   This is a re-filed case.  The original case number was 21-cv-3197.

## PARTIES

5.   At all times relevant herein, Plaintiff Reginald Brown ("Reginald") was a prisoner in the custody of the Illinois Department of Corrections ("IDOC").  Most of the events described herein occurred while Reginald was in the custody of the Taylorville Correctional Center, in Christian County, Illinois.  Reginald is currently on parole.

6.   Defendant Wexford Health Sources, Inc. ("Wexford") is a corporation formed under the laws of the state of Florida with its principal place of business in Pittsburgh, Pennsylvania. At all relevant times, Wexford had a contractual relationship with IDOC. Pursuant to that contractual relationship, IDOC, an agency of the state of Illinois, delegated responsibility for providing reasonable medical care to inmates in IDOC custody to Wexford. As an IDOC agent exercising delegated governmental functions, Wexford is a state actor under 42 U.S.C. § 1983.

7.   At all times relevant, Defendant Dr. Abdur Nawoor was a physician employed by Wexford, and served as a general physician at Taylorville Correctional Center. Because of

Reginald's status as an inmate at Taylorville, Dr. Nawoor was responsible for Reginald's medical care. He is sued in his individual capacity.

8.   Defendant Rob Jeffreys is the director of the Illinois Department of Corrections.  He is sued in his official capacity.

9.   Defendant Dr. Steven R. Bowman is the medical director of the Illinois Department of Corrections. He is sued in his official capacity.

**FACTUAL ALLEGATIONS**

10. Prior to Reginald's admission to IDOC in 2017, he had been diagnosed with chronic liver disease and Hepatitis C.

11.  Hepatitis C is a potentially fatal disease caused by a virus which if left untreated may cause cirrhosis, or destruction of the liver, may lead to liver cancer and causes other symptoms to those it afflicts thus it poses a substantial risk of serious harm to Plaintiffs. In addition, lack of treatment results in a diminishment of life expectancy, an overall increase in the risk of other illnesses and other related non-hepatic medical problems.

12. Defendants know that Hepatitis C poses a substantial risk of serious harm to individuals, including Reginald.

13. A highly effective chemical treatment consisting of FDA approved direct acting antiviral drugs for Hepatitis C is available, which has been shown to reduce the cure of Hepatitis C and have increased cure rates up to 98%.

14. Reginald never received proper treatment for his Hepatitis C while in IDOC custody, despite the fact that Defendants were aware of his condition.

15. Defendants refused and failed to administer the Hepatitis C chemical treatment to Reginald.

16. By refusing to treat Reginald for Hepatitis C, Defendants were deliberately indifferent to Reginald's substantial risk of serious harm.

17. During his IDOC custody, Reginald's requests for treatment often went ignored.

18. In May 2021, Reginald was diagnosed with hepatocellular carcinoma in his left liver lobe, a predictable consequence of untreated Hepatitis C.

19. In June 2021, Reginald was diagnosed with bronchogenic carcinoma.

20. Reginald's carcinoma diagnoses were a direct result of defendants' refusal to properly treat him while he was in their custody.

21. Defendants' refusal to properly treat Reginald's serious medical needs was caused in whole or in part by IDOC's policies and practices of taking whatever steps possible to avoid treating inmates for Hepatitis C.

22. Defendants' refusal to properly treat Reginald's Hepatitis C violated the standard of care for treatment of his disease.

23. Reginald was released from IDOC custody in July 2022.

**COUNT I – FEDERAL CLAIM**
**EIGHTH AMENDMENT**
**DEFENDANT NAWOOR**

24. Each paragraph of this Complaint is incorporated as if restated fully herein.

25. Dr. Nawoor, while acting under color of state law, performed his duties in a manner that evidenced deliberate, reckless and/or callous indifference to Reginald's serious medical need for diagnosis and treatment of his Hepatitis C and subsequently discovered liver and lung cancer,

depriving Reginald of his rights protected by the Eighth Amendment of the United States Constitution.

26. Defendants were deliberately indifferent to Reginald's serious medical needs when they repeatedly failed to effectively treat Reginald's symptoms, despite clear evidence that Reginald needed treatment .

27. As a proximate result of Defendants' violation of Reginald's Eighth Amendment rights, Reginald suffered physical and mental injuries, including, but not limited to, months of unnecessary and prolonged pain and suffering, a more serious diagnosis, and a diminished life expectancy.

For the foregoing reasons, the Plaintiff, REGINALD BROWN, prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

**COUNT II – FEDERAL *MONELL* CLAIM**
**POLICY AND PRACTICE**
**DEFENDANTS JEFFREY, BOWMAN, WEXFORD**

28. Each paragraph of this Complaint is incorporated as if restated fully herein.

29. The violations of Reginald's Constitutional rights under the Eighth Amendment to the United States Constitution, his damages, and the conduct of the individual defendants, were directly and proximately caused by the actions and/or inactions of Defendants Jeffrey, Bowman, and Wexford, which have, with deliberate indifference,

       a. established and engaged in practices and policies that ensure that the vast majority of inmates infected with Hepatitis C will not be properly treated;

b.  failed to establish and/or implement policies, practices and procedures to ensure that IDOC inmates receive appropriate medical care for serious medical health needs, including Hepatitis C;

c.  failed to ensure through training, supervision, and discipline that correctional and medical staff provide proper and sufficient treatment to IDOC defendants and do not ignore their serious medical needs.

For the foregoing reasons, the Plaintiff, REGINALD BROWN, prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT III – STATE CLAIM
## MEDICAL MALPRACTICE
### DEFENDANTS NAWOOR, WEXFORD

30.  Each paragraph of this Complaint is incorporated as if restated fully herein.

31.  At all relevant times, it was the duty of these defendants to exercise due care and caution in the treatment of their patients, including Reginald.

32. Despite this duty, defendants, including currently unidentified Wexford employees and agents,  failed to exercise the care that reasonably careful medical providers ordinarily would have used under the circumstances, and they were therefore negligent in their treatment of Reginald.

33. As a direct and proximate cause of defendants' negligent acts and omissions, Reginald suffered severe physical and mental injuries.

129. Because of these injuries, Reginald is entitled to damages.

## JURY DEMAND

The Plaintiff REGINALD BROWN, requests a trial by jury.

6

**DATED:**   January 24, 2023.

Respectfully submitted,
REGINALD BROWN

 /s/ Jordan Marsh

*Attorney for the Plaintiff*

**LAW OFFICE OF JORDAN MARSH LLC**
5 Revere Drive, Suite 200
Northbrook IL 60062
(224) 220-9000
jordan@jmarshlaw.com