IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| REGINALD BROWN,<br>    Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES,<br>INC., *et al.*,<br>    Defendants. | Case No. 3:23-cv-03018-SLD-JEH |

**Order**

Now before the Court is the Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 40) and Defendants Steven Bowman and Latoya Hughes's[1] (IDOC Defendants) Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 43). For the reasons set forth below, the Plaintiff's Motion is DENIED.

**I**

On January 24, 2023, Plaintiff Reginald Brown (Reginald) filed his original complaint (Doc. 1) against Defendants Wexford Health Sources, Inc., Dr. Abdur Nawoor, Director of the Illinois Department of Corrections (IDOC) Rob Jeffreys, and Medical Director of the Illinois Department of Corrections Dr. Steven Bowman alleging an Eighth Amendment claim against Defendant Dr. Nawoor, a *Monell*

---

[1] Hughes is identified as the Acting Director of the Illinois Department of Corrections, and pursuant to Federal Rule of Civil Procedure 25(d), "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Thus, Hughes in her official capacity is automatically substituted for Defendant Rob Jeffreys in his official capacity who, it appears from the proposed Second Amended Complaint at Law (Doc. 40-3) ceased being the Director of the Illinois Department of Corrections in 2023.

claim against Defendants Jeffreys, Bowman, and Wexford, and a state law medical malpractice claim against Defendants Dr. Nawoor and Wexford. On March 14, 2023, Reginald filed his First Amended Complaint at Law (Doc. 8) that included the same claims against the same Defendants as in his original complaint. Specifically, Reginald alleged, among other things, that he had been diagnosed with chronic liver disease and Hepatitis C prior to his admission in 2017 to IDOC, and he never received proper treatment for his Hepatitis C while in IDOC custody despite the fact that the Defendants were aware of his condition. In both his original and First Amended Complaints, Reginald pointed out that this is a re-filed case; the first-filed case was filed on September 7, 2021 and was dismissed, via Reginald's motion to dismiss the case voluntarily, on November 7, 2022. *See Brown v. Hackney, et al.*, 3:21-cv-03197-CSB-EIL (C.D. Ill.).

In this, the re-filed case, a discovery schedule was put into place on May 24, 2023 and included a deadline of September 1, 2023 to amend the pleadings and/or add parties. After being extended, the dispositive motion deadline in this case is now July 30, 2024. On January 18, 2024, Reginald's Motion to Voluntarily Dismiss Defendant Dr. Nawoor with prejudice was granted, and on February 22, 2024, Defendant Wexford was dismissed with prejudice pursuant to the parties' Joint Stipulation of Dismissal. On January 9, 2024, the Plaintiff died. The Executor of the Estate of Reginald Brown, Deceased, filed the instant Motion to amend on April 5, 2024 seeking to substitute the Executor (Khristi Mitchell) as the plaintiff and to add additional defendants and claims. The Court allows the substitution pursuant to Federal Rule of Civil Procedure 25(a)(1).[2] *See Estrada v. Hamby*, No. 04-434, 2010 WL 333701, at *1 (S.D. Ill. Jan. 26, 2010) ("It is settled that a civil rights claim brought under 42 U.S.C. § 1983 is a claim that survives under the Illinois

---

[2] A statement noting Reginald's death on January 9, 2024 was never filed.

2

Survival Act, 755 ILCS 5/27–6") (citing *Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994)).

## II

The Court notes that the parties fail to recognize that at this stage of the case, after their deadline to amend the pleadings has expired (here, seven months before the Plaintiff filed the instant Motion to amend), the Plaintiff must show "good cause" to amend the complaint. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"). Good cause requires a showing of diligence by the party seeking the amendment. *Trustmark Ins. Co.*, 424 F.3d at 553. The heightened good-cause standard of Rule 16(b)(4) is applied before considering whether the requirements of Federal Rule of Civil Procedure 15(a)(2) are satisfied. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011).

### 1

Particularly relevant to the fact that the Rule 16(b) standard must be applied first is that the Plaintiff cited no authority whatsoever for the relief requested. In fact, the Plaintiff provided no substantive argument for why amendment to add claims and defendants at this belated time should be allowed. Given that and the procedural history in this case, the Plaintiff has not shown good cause for the belated amendment.

Reginald originally complained of the lack of treatment he received while in IDOC custody nearly three years ago via his complaint filed in *Brown v. Hackney, et al.*, 3:21-cv-03197-CSB-EIL (C.D. Ill. Sept. 7, 2021). He was released from IDOC custody nearly two years ago (July 2022). He filed his original complaint in this

case 14 months before the Executor of his estate filed the instant Motion to amend. Reginald filed his current First Amended Complaint a year before the Executor of his estate filed the instant Motion to amend. Discovery had been ongoing for nearly a year when the Executor filed the instant Motion to amend. The Plaintiff now seeks to: add as defendants John Baldwin, IDOC's Director from 2015 through 2019, in his individual and official capacities, Steve Meeks, IDOC's Medical Director from 2016 through 2020, in his individual and official capacities, and "currently unidentified defendants" in their individual and official capacities; a *Monell* claim against the newly added Defendants; and an Eighth Amendment claim against Defendants Jeffrey, Bowman, Meeks, Baldwin, and Unidentified Defendants.[3] Given how long Reginald had been litigating his allegations of lack of medical treatment while in the custody of IDOC *before* his death (including nearly a year pursuant to a discovery plan), his Executor cannot now show she was diligent in pursuing the proposed additional claims against the proposed additional defendants. Indeed, Reginald had been pursuing iterations of his *Monell* claim and Eighth Amendment claim from the very beginning of this case. As the IDOC Defendants argue, there are no new facts or circumstances which would lead to a recent discovery of the new claims/defendants; the fact of Reginald's death and appointment of an executor of his estate do not amount to the type of events that would permit a finding of diligence.

2

Even if the Court were to consider the proposed amendment under the Federal Rule of Civil Procedure 15(a)(2) standard, the proposed amendment facially suffers from defects. Rule 15(a)(2) provides in relevant part that the Court should freely give leave to a party to amend its pleading "when justice so

---

[3] The Plaintiff's proposed Second Amended Complaint at Law also now names original Defendants Jeffreys and Dr. Bowman in their official *and individual* capacities.

requires." FED. R. CIV. P. 15(a)(2). However, leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citations omitted).

The IDOC Defendants lodge the following challenges to the proposed amendment. As for the Plaintiff's would-be "*Monell* Claim Policy and Practice," "The [Supreme Court] has been clear . . . that *Monell*'s holding applies only to municipalities and not states or states' departments." *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748-49 (7th Cir. 2005). Moreover, to the extent the Plaintiff seeks only damages against the Defendants in their official capacities, the Eleventh Amendment bars the Plaintiff's claims. *See Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005) (providing the Eleventh Amendment bars federal jurisdiction over suits against state officials acting in their official capacities such that it precludes claims for retroactive damages to be paid from a state treasury). The Defendants additionally argue the Plaintiff's proposed claims of deliberate indifference and all claims against would-be defendants Baldwin and Meeks are barred by the statute of limitations. The Defendants' arguments certainly have traction in light of the fact that Defendant Baldwin last was IDOC Director in 2019 and Meeks last was the IDOC Medical Director in 2020 *and* in light of the fact that the Plaintiff has made no arguments to thwart the denial of her Motion for reasons such as the statute of limitations or immunity from suit. *See Terry v. Chi. Police Dep't*, 200 F. Supp. 3d 719, 724 (N.D. Ill. 2016) (explaining length of limitations period for a Section 1983 action is determined by reference to state law personal injury torts and, in Illinois, "the pertinent limitations provision requires a would-be plaintiff to bring suit within two years of a cause of action's accrual").

Under these circumstances, justice does not require that the Plaintiff's amendment be allowed pursuant to Rule 15(a), especially where she cannot satisfy the Rule 16(b) standard.

### III

For the reasons set forth above, the Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 40) is DENIED. The Clerk is directed to substitute Khristi Mitchell, Executor of the Estate of Reginald Brown, Deceased, for Reginald Brown as the plaintiff in this case.

*It is so ordered.*

Entered on May 23, 2024.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

6